**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S** |
| Plaintiff, | ) | **MOTION IN LIMINE TO PROHIBIT** |
| | ) | **SPECIFIED EVIDENCE** |
| vs. | ) | |
| | ) | Case No. 1:05-cr-033 |
| Chance Lee Wade Eagle, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the Defendant's "Motion in Limine to Prohibit Specified Evidence" filed on August 18, 2006. The Government filed a response on August 23, 2006. For the reasons set forth below, the Court grants the motion.

I.    **BACKGROUND**

The defendant, Chance Lee Wade Eagle, was indicted on April 27, 2005, on one count of involuntary manslaughter in violation of 18 U.S.C. § 1112. The indictment alleges that Eagle caused the death of Rose Edinger while driving a motor vehicle under the influence of intoxicating liquor. In the motion in limine, the Defendant requests that the Court prohibit the testimony of Trooper Rick Richard from the North Dakota Highway Patrol, regarding any speed calculations or conclusions based on the accident study submitted to the United State's Attorney's office dated March 23, 2005. The Defendant asserts that Trooper Richard's testimony as to the speed of the vehicles is not admissible as expert testimony because there has been no showing that the testimony is based upon sufficient facts or data or that the witness applied the principles and methods reliably to the facts of the case.

In response, the Government acknowledges that Trooper Richard's method of calculating the speed of the Defendant's vehicle was improper, and thus, the Government will not present evidence pertaining to the speed of the Defendant's vehicle through Trooper Richard. However, the Government indicated that it intends to have Trooper Richard testify as to the point of impact and after-impact movements of the colliding vehicles.

After carefully reviewing the Defendant's motion and the attached affidavits of Lewis L. Dirks, the Defendant's accident reconstructionist, it appears that the Defendant has objected primarily to the speed calculations conducted by Trooper Richard. Neither the Defendant's motion nor the affidavits of Lewis L. Dirks clearly address issues concerning the point of impact or the after-impact movements of the colliding vehicles. Therefore, at this stage, the Court will not address the issue of Trooper Richard's point of impact and/or after-impact movement testimony, since it appears the Defendant has not objected to this testimony. Nothing in this Order should be interpreted to preclude the Defendant from further objecting to the testimony of Trooper Richard.

For the reasons set forth above, the Court **GRANTS** defendant Chance Lee Wade Eagle's "Motion in Limine to Prohibit Specified Evidence." (Docket No. 53).

**IT IS SO ORDERED.**

Dated this 24th day of August, 2006.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court